UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

U.S. BANK NATIONAL ASSOCIATION, as Trustee,
Successor in Interest to Bank of America, National
Assoc., as Trustee, Successor by Merger to Lasalle
Bank National Association, as Trustee for Merrill
Lynch Mortgage Investors Trust, Mortgage Loan
Asset-Backed Certificates, Series 2006-FF1,                    1:21-CV-1372 (GTS/DJS)

                        Plaintiff,

v.

FRANK CASIMO,

                        Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE            JOSEPH F. BATTISTA, III
& PARTNERS, LLC
  Counsel for Plaintiff
900 Merchants Concourse
Westbury, NY 11590

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently pending before the Court, in this real-property foreclosure action filed by U.S.

Bank National Association ("Plaintiff") against Frank Casimo ("Defendant"), is Plaintiff's

motion for default judgment pursuant to Fed. R. Civ. P. 55(b).  (Dkt. No. 11.)  After carefully

considering the matter, the Court denies without prejudice Plaintiff's motion for each of the

following two alternative reasons.

First, the Court questions whether it possesses subject-matter jurisdiction over this action.

*See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action.").  This is because, despite the fact that Plaintiff is

suing in its own name as a trustee, Plaintiff has not alleged facts plausibly suggesting whether or

not it is an "active" trustee whose control over the assets held in its name is "real and

substantial."  *U.S. Bank Trust, N.A. v. Monroe*, 15-CV-1480, 2017 WL 923326, at *4-5

(N.D.N.Y. March 8, 2017) (Kahn, J.) ("U.S. Bank has included no allegations concerning the

type of trust at issue here, its degree of control over the trust assets, or, alternatively, the

citizenships of the trust's beneficiaries. . . .  The Court is left to speculate as to these facts, and

the Complaint thus fails to sufficiently allege the existence of subject matter jurisdiction. Once

again, it must be dismissed.").  As the Supreme Court has explained, it is only if the trustee is an

"active" one whose control over the assets held in its name is "real and substantial" that the

trustee is permitted to sue in its own right, without regard to the citizenship of the trust

beneficiaries.  *See, e.g., Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980).[1]  Although the

Court will not require Plaintiff to amend its Complaint, it will require Plaintiff to file, within

forty-five (45) days of the issuance of this Decision and Order, a declaration attaching

documentation showing that Plaintiff's control over the trust assets is real and substantial (or,

alternatively, a declaration asserting the citizenships of the trust's beneficiaries).  *See Monroe*,

2017 WL 923326, at *5 ("[T]o resolve the Court's doubts concerning subject matter jurisdiction,

U.S. Bank must . . . provide . . . any other documentation required to show that U.S. Bank's

control over the trust assets is real and substantial.").[2]

---

[1]      The Court notes that Plaintiff's Verified Complaint asserts that Plaintiff "is a national association organized under the laws of the United States of America with its main office in Minnesota," and that Defendant Casimo is "a resident and citizen of the State of New York . . . ." (Dkt. No. 1, at ¶¶ 2-3.)

[2]      The Court notes that, "[i]n determining whether a trustee wields sufficient control over the assets of the trust to be considered the real party in interest, courts look to the terms of the

Second, it does not appear that Plaintiff either filed a copy of its Complaint with its Notice of Pendency or filed a copy of its Complaint with the relevant county clerk's office and received a date-stamp memorializing that filing.  (*See* Dkt. No. 11, Attach. 7 [Exhibit E to Battista Decl., attaching Notice of Pendency].)  To succeed on its motion for default judgment, Plaintiff must show one of those two things.  *See U.S. Bank Trust v. Valade*, 17-CV-0173, 2020 WL 6196150, at *6 (N.D.N.Y. Oct. 22, 2020) (Suddaby, C.J.) (denying motion for default judgment because Plaintiff "ha[d] not shown that it either filed its Complaint with the notice of pendency or that it already filed its Complaint in the Rensselaer County Clerk's Office"); N.Y. C.P.L.R. § 6511(a) ("Unless it has already been filed in that county, the complaint *shall* be filed with the notice of pendency.") (emphasis added); *accord*, *U.S. Bank Trust v. Valade*, 17-CV-0173, 2021 WL 4710029, at *4-5 (N.D.N.Y. Oct. 8, 2021) (Suddaby, C.J.).  Should Plaintiff file a renewed motion for default judgment, it may incorporate by reference attachments filed in support of its original such motion and need not refile those attachments (although it must again serve that renewed motion on Defendant).

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b) (Dkt. No. 11) is **<u>DENIED</u> without prejudice**; and it is further

**ORDERED** that, within **FORTY-FIVE (45) DAYS** of the date of this Decision and Order, Plaintiff must file a declaration attaching documentation showing that Plaintiff's control over the trust assets is real and substantial (or, alternatively, a declaration asserting the citizenships of the trust's beneficiaries); and it is further

---

trust agreement to discern the scope of the trustee's power." *U.S. Bank Nat'l Assoc. v. Desrosiers*, 17-CV-7338, 2021 WL 5630899, at *3 (E.D.N.Y. Dec. 1, 2021) (collecting cases).

**ORDERED** that, in any renewed motion for default judgment, Plaintiff shall show that it either filed a copy of its Complaint with its Notice of Pendency or filed a copy of its Complaint with the relevant county clerk's office and received a date-stamp memorializing that filing.

Dated: March 24, 2023

Syracuse, New York

Glenn T. Suddaby
U.S. District Judge